[Civ. No. 40224. Second Dist., Div. Three. Sept. 13, 1972.]

CARLOS SANDOVAL, JR., et al, Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Levie & Burkow, Gerald J. Levie and John W. Miner for Petitioners.

Edward I. Pollock, Ned Good, James G. Butler, Stanley K. Jacobs, Sanford M. Gage, Leonard Sacks, A. L. Wirin, Fred Okrand, Laurence R. Sperber, Terry J. Hatter, Jr., John A. Childers, Abby Soven, Ernest L. Aubry, Harold C. Hart-Nibbrig, Kenneth C. Mason and Richard J. Palmer as Amici Curiae on behalf of Petitioners.

John D. Maharg, County Counsel, Donald K. Byrne and Harold S. Vites, Deputy County Counsel, for Respondent.

Joseph P. Busch, District Attorney, Harry Wood, Arnold T. Guminski, Ronald Ross and Harry B. Sondheim, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**FORD, P. J.**—This is a proceeding in mandamus to compel the superior court to vacate its order denying petitioners' motion, by which petitioners challenged the manner in which jurors are selected for the Central District of the court, and to make an order granting that motion[1]

---

[1]The motion was in the nature of a motion to quash the petit jury panel. (See *People* v. *Sirhan,* 7 Cal.3d 710, 749-752 [102 Cal.Rptr. 385, 497 P.2d 1121].)

The criminal case in which the motion was made is pending in the Central District, one of the nine districts of the Superior Court of Los Angeles County. By an information containing two counts petitioners are accused of murder (Pen. Code, § 187) and robbery (Pen. Code, § 211). The crimes with which they are charged occurred within the boundaries of the Central District, of which district each petitioner, an American citizen of Mexican ancestry, is a resident. Jurors selected for the Central District are drawn from the list of names of registered voters on a county-wide basis. For each of the other eight judicial districts the selection of jurors is made by resort to the list of registered voters residing in the particular district. No attack is made upon the formula by which the names of prospective jurors are chosen at random by means of a computer system.

The core of petitioners' challenge is that they are subjected to a denial of due process and of equal protection of law because the panel of jurors for the Central District is selected on a county-wide basis, whereas the panel for each of the other districts is selected on a district-wide basis, and because persons of the ages of 18, 19 and 20 years are not included in the panel, whereas section 198 of the Code of Civil Procedure, as recently amended, provides for the inclusion of that age group.

The challenge based upon the exclusion of the age group is moot because the record shows that when petitioners' case comes before the superior court for trial, jurors of that age group will then compose part of the panel in accordance with the amendment of section 198 of the Code of Civil Procedure which was effective as of March 4, 1972. (Stats. 1971, ch. 1748, § 29, p. 3748.)

The question remaining for resolution is whether the jury panel selected for the Central District on a county-wide basis is constitutionally valid. Since the governing constitutional principles are those discussed by this court in the opinion in *Adams* v. *Superior Court, ante,* page 719 [104 Cal.Rptr. 144], the opinion in this proceeding will be primarily concerned with the factual situation presented by the petitioners Sandoval and Cuellar. It is to be noted that their motion in the superior court was submitted on the superior court record in *Adams,* as embodied in People v. Martinez (superior court No. A 279413) upon the hearing of a similar motion, and on additional evidence introduced in Martinez.

In the Martinez hearing it was stipulated that the persons in the County of Los Angeles to whom the designation of "brown" was applied constituted "somewhere in the area of 10 percent" of the population of the

county. At the hearing in the *Adams* case, the evidence was that 18.3 percent of the population of the Central District was brown or Mexican-American. Dr. Breiman testified that 11 percent of a jury panel drawn on a county-wide basis would consist of residents of the Central District and that of that 11 percent, 2 percent would be brown. He further testified that a jury panel for the Central District selected pursuant to a county-wide draw would include additional brown persons to the extent of 5 percent. Thus the jury panel for the Central District would include, to the extent of 7 percent thereof, brown persons, a distinct group constituting approximately 10 percent of the total population of the county.

In the light of the governing law as set forth in *Adams* v. *Superior Court, supra,* no substantial disparity was shown between the proportion of brown or Mexican-American residents in the county as a whole and the proportion of brown or Mexican-American persons on the panel of jurors for the Central District. The representation of that group of persons was of the substantial nature required under the cross-sectional concept and satisfied the constitutional mandate. Consequently, the county-wide jury selection process could not be successfully challenged by petitioners if it constituted the sole source of jurors for criminal jury trials conducted throughout the county.

Turning specifically to the basis of challenge in the present case, for the reasons stated in *Adams* v. *Superior Court, supra,* there is no denial of due process or of equal protection of the law in the selection of jurors on a county-wide basis for the Central District while a system of district-wide jury selection is employed for the districts which constitute branches of the superior court, sitting in cities other than the county seat and established for the achievement of more efficient judicial administration in designated geographical areas of the county. No violation or threat of violation of any fundamental right of petitioners is shown.

The alternative writ of mandate is discharged. A peremptory writ of mandate is denied.

Allport, J., concurred.

**COBEY, J.**—I dissent for the reasons stated in my dissent in *Adams* v. *Superior Court,* 2d Civ. No. 40086, *ante,* page 719 [104 Cal.Rptr. 144].

I also note that in the record of this case there is additional evidence

indicating that the Central District of the Los Angeles County Superior Court is predominantly a low-income high minority group area and the effect of the change in the method of selection of prospective trial jurors in criminal cases was discussed by the executive committee of the superior court following protest of the change. The record is silent, however, as to the content of the discussion.

A petition for a rehearing was denied October 10, 1972. Cobey, J., was of the opinion that the petition should be granted. Petitioners' application for a hearing by the Supreme Court was denied November 9, 1972. Peters, J., and Mosk, J., were of the opinion that the application should be granted.